# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| Ernest J. Kramer and <br> Ella I. Kramer, Co-Guardians and <br> Co-Conservators of the Estate of <br> Christopher Thomas Kramer, <br> Protectee, <br>                Plaintiffs, <br> vs. <br> <br> Trooper Jim David Farmer, in his Official <br> and Individual Capacities, et al., <br>                Defendants. | No. 17-6008-CV-SJ-FJG |

**ORDER**

Pending before the Court is Defendants Rucker, Salsbury, Vaught and Hann's Motion for Reconsideration (Doc. No. 44). Defendants argue that this Court committed manifest errors of fact and law in its order denying defendant's motion to dismiss Count I of the complaint.

Upon its review of the motion for reconsideration, plaintiff's suggestions in opposition, and defendants' reply, the Court finds that no such manifest errors of fact or law exist. Instead, the Court (as it must) viewed the facts pled in the complaint and reasonable inferences based on those facts in the light most favorable to plaintiff. To the extent that defendants believe the facts are different than what was pled by plaintiff, such an issue should be brought up on summary judgment. To the extent that the defendant believes the Court misconstrued the facts as pled, or treated conclusions as facts, the Court finds that such arguments fail for the reasons stated by plaintiff in its response. With respect to the alleged errors of law, the Court notes that it was aware of the case cited by defendants for the first time in their reply brief (United States v. Jackson, 741 F.3d 223 (8th Cir. 1984)). Defendants assert that had this Court been aware of Jackson, it

would have found they had qualified immunity for their actions. Not so. Jackson is distinguishable for the reasons stated by plaintiff in the response to the motion for reconsideration; namely, in Jackson the court found the officers had specific and articulable facts to justify a Terry stop when one of the offenders shouted, "It's the police, man, run," and then the two men fled. See Jackson, 741 F.2d at 223. Further, the conduct occurred after dark in a St. Louis, Missouri alleyway. United States v. Jackson, 566 F.Supp. 1283, 1284 (E.D.Mo. 1983). Here, the alleged conduct happened in daylight, in a neighborhood in Maryville, Missouri, and there is no indication that Mr. Kramer (who had already been running for exercise) yelled anything at the police. Defendants' motion for reconsideration (Doc. No. 44) is **DENIED.**

    **IT IS SO ORDERED.**

Date:  October 12, 2017                       **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                                         United States District Judge